IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DEXTRAM L. HARRIS,**

    Petitioner,

v.                                                                                                      Civil Action No. **3:11CV325**

**DIRECTOR, DEPARTMENT OF CORRECTIONS,**

    Respondent.

## MEMORANDUM OPINION

Dextram L. Harris, a Virginia state inmate proceeding *pro se* and *in forma pauperis*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition"). Respondent has moved to dismiss on the ground that the § 2254 Petition is barred by the relevant statute of limitations. Harris has responded. The matter is ripe for disposition.

## I. PROCEDURAL HISTORY

Harris was convicted in the Circuit Court for the County of Mecklenburg of aggravated malicious wounding and use of a firearm in the commission of that offense. Harris appealed his convictions. On October 4, 2007, the Supreme Court of Virginia refused Harris's petition for appeal. *Harris v. Commonwealth*, No. 070871 (Va. Oct. 4, 2007).

On October 1, 2008, Harris filed a petition for a writ of habeas corpus with the Circuit Court. *Harris v. Warden, Lunenburg Corr. Ctr.*, CL08-464 ¶ 3 (Va. Cir. Ct. Dec. 3, 2009). On December 3, 2009, the Circuit Court denied Harris's petition for a writ of habeas corpus. *Id.*

On March 24, 2010, Harris filed a second petition for a writ of habeas corpus in the Supreme Court of Virginia. The Supreme Court of Virginia dismissed the petition as untimely

pursuant to section 8.01-654(A)(2) of the Virginia Code.[1] *Harris v. Dir., Dep't Corr.*, No. 100561 (Va. May 11, 2010). The Supreme Court of Virginia denied Harris's petition for rehearing on September 22, 2010. *Harris v. Dir., Dep't Corr.*, No. 100561 (Va. Sept. 22, 2010).

On May 9, 2011, Harris executed his § 2254 Petition and mailed the same to this Court.[2] (§ 2254 Pet. 15.) In his § 2254 Petition, Harris contends that he is entitled to relief upon the following grounds:

Claim 1   Petitioner did not receive the effective assistance of counsel because:
    (a) counsel failed to protect petitioner's right to a speedy trial;
    (b) counsel failed to raise speedy trial violation and other issues on appeal;
    (c) counsel failed to call alibi witnesses;
    (d) counsel failed to conduct an adequate investigation;
    (e) counsel failed "to object to leading testimony and to impeach defense witnesses" (Mem. Supp. § 2254 Pet. 1);
    (f) counsel failed to challenge voir dire; and,
    (g) counsel performed deficiently during the identification process.

Claim 2   The prosecution engaged in misconduct.[3]

## II. ANALYSIS

### A. Statute of Limitations

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ

---

[1] That statute states in relevant part:

> A habeas corpus petition attacking a criminal conviction or sentence . . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later.

Va. Code Ann. § 8.01-654(A)(2) (West 2011).

[2] The Court deems the § 2254 Petition filed on the date Harris swears he placed the petition in the prison mailing system. *Houston v. Lack*, 487 U.S. 266, 276 (1988).

[3] Harris does not specify the nature of the prosecutor's misconduct.

2

of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Ninety days after Harris's direct appeal to the Supreme Court of Virginia ended, his judgment became final for purposes of 28 U.S.C. § 2244(d)(1)(D). *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (*citing Harris v. Hutchinson*, 209 F.3d 325, 328 n.1 (4th Cir. 2000)); *see* Sup. Ct. R. 13.1 (petition for certiorari should be filed within ninety days of entry of judgment by state court of last resort or of the order denying discretionary review). Harris's direct appeal to the Supreme Court of Virginia ended on October 4, 2007. Thus, Harris's conviction became

final on Wednesday, January 2, 2008—the last date to file a petition for a writ of certiorari in the Supreme Court of the United States.

### B. Statutory Tolling

The statute of limitations ran for 272 days before Harris filed his first state habeas petition with the Circuit Court on October 1, 2008. The limitation period was tolled under § 2244(d)(2) until December 3, 2009, when the Circuit Court dismissed the petition.

Harris is not entitled to statutory tolling for his second state petition for a writ of habeas corpus because the petition was not a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). To toll the statute of limitations, a state court petition for collateral review must be "properly filed." *Id.*; *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). A petition that is denied by a state court as untimely is not "properly filed" within the meaning of § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). Therefore, the statute of limitations resumed running upon the dismissal of the first state habeas petition by the Circuit Court.

When the Circuit Court dismissed the first state habeas petition on December 3, 2009, Harris had 97 days to file his federal habeas petition. Nevertheless, 521 more days elapsed before Harris filed his § 2254 Petition on May 9, 2011. Accordingly, the § 2254 Petition is barred by the statute of limitations.

Neither Harris nor the record suggests that Harris is entitled to a belated commencement of the limitations period under § 2244(d)(1)(B)–(D) or equitable tolling.[4] Because Harris has not

---

[4] Petitions pursuant to 28 U.S.C. § 2254 are subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). Nevertheless, the Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (*quoting Pace*, 544 U.S. at 418).

demonstrated any meritorious grounds for equitable tolling of the limitation period and failed to show that one of the later commencement dates for the limitation period applies, *see* 28 U.S.C. § 2244(d)(1)(B)–(D), the petition must be denied as untimely.

## III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (Docket No. 8) will be GRANTED. Harris's § 2254 Petition will be DENIED, and the action will be DISMISSED. Harris also has moved for the appointment of counsel. The interests of justice do not warrant the appointment of counsel. *See* 18 U.S.C. § 3006A. Accordingly, Harris's Motion for the Appointment of Counsel (Docket No. 12) will be DENIED.[5]

An appropriate Order shall accompany this Memorandum Opinion.

Date: 12-15-11
Richmond, Virginia

/s/
James R. Spencer
United States District Judge

---

[5] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Harris is entitled to further consideration in this matter. A certificate of appealability will therefore be DENIED.